UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>CARRILLO, et al.,<br><br>   Defendants. | No. 2:23-cv-1056 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

   I.   Application to Proceed In Forma Pauperis

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 4. Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

    II.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

The complaint alleges that defendants Carrillo, Alkire, Hicks, and Sylva violated plaintiff's constitutional rights. ECF No. 1. Plaintiff alleges that Alkire, Hicks, and Sylva placed falsified documents in his file and left him housed with violent gang members in an attempt to cause him to be attacked. Id. at 3. Additionally, after plaintiff reported safety concerns to Sylva, Alkire claimed that nothing could be verified after viewing video footage and they forced him back to the housing unit where he was being threatened, causing plaintiff to go "man down suicidal." Id. at 14. When mental health staff came and heard plaintiff's complaints, they made Sylva open a safety concern investigation, angering Sylva and Alkire who later refused to allow plaintiff to verify his purchases when his property was confiscated. Id. at 14-15. Alkire also recommended that plaintiff be sent back to B-yard where he was being threatened and Carillo authorized the return. Id. at 3, 15.

Plaintiff then pretended to try to fight the building porter so he could refuse to sign the "marriage chrono,"[1] but after he explained his concerns to Hicks, Hicks "linked up" with Alkire to bypass the protocol and Alkire had Carrillo authorize plaintiff's return without plaintiff signing the chrono. Id. at 17. When plaintiff refused to go back to B-yard, Hicks and Alkire conferred

---

[1] Plaintiff states that when two inmates get rules violation reports for fighting they have to both sign a "marriage chrono" before they can both return to the yard. ECF No. 1 at 17.

3

before charging plaintiff with a rules violation for threatening to kill Hicks and he was sent to administrative segregation. Id. While in administrative segregation, another officer conducted a safety concern interview with plaintiff that concluded that plaintiff could not return to B-yard. Id. at 18. Carrillo ordered plaintiff transferred to A-yard pending transfer and ignored plaintiff's claims that he was still in danger. Id. Then, within two weeks of filing grievances against Carrillo, plaintiff's confidential information was known to all the gang members on A-yard and Carrillo had plaintiff placed on C-status based on false rules violations, causing him to be housed with violent gang members. Id.

When plaintiff had another classification hearing, Carrillo told plaintiff he had personally expedited plaintiff's transfer to Tehachapi, where one of plaintiff's known enemies was housed. Id. at 19. When it was time for plaintiff to be transferred he told Carrillo he would commit suicide before allowing himself to be transferred, to which Carrillo smiled and told him to "do it" and then ignored plaintiff and walked away when plaintiff began slicing his wrists with a razor blade. Id. at 20. He asserts that the conduct of all four defendants was retaliatory. Id. at 4, 21-22.

### IV. Duplicative Claims

"[A] district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688, overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

The claims in this action are largely duplicative of those in Hampton v. Alkire (Hampton I), No. 2:22-cv-1418 DJC DMC (E.D. Cal.). Specifically, this case duplicates Hampton I's Eighth Amendment claims against Carrillo, Alkire, and Sylva. See Hampton I, ECF No. 1 (complaint), ECF No. 12 (screening order summarizing claims and finding viable Eighth Amendment claims against Carrillo, Alkire, and Sylva). Additionally, the retaliation claims and

claims against Hicks, none of which currently state a viable claim for relief,[2] are inextricably intertwined with the factual basis of the Eighth Amendment claims against Carrillo, Alkire, and Sylva.

Plaintiff "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1133 (9th Cir. 2013). Therefore, because the parties and claims in this case substantially overlap with those in Hampton I, in the interests of judicial economy and wise judicial administration, the undersigned will recommend the action be dismissed as duplicative. The recommended dismissal will be without prejudice to a motion for leave to amend the complaint in Hampton I.

V.      Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

It is being recommended that your complaint be dismissed because it is almost entirely duplicative of the complaint in Hampton I, No. 2:22-cv-1418 DJC DMC (E.D. Cal.), and the claims and defendant that are not duplicative are substantially related to the duplicative claims.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

---

[2] Although plaintiff implies that Hicks was partly responsible for authorizing him to be returned to B-yard, he does not explain Hicks' involvement and alleges that it was Alkire and Carrillo who handled the authorization. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient." (citations omitted)). To the extent plaintiff alleges defendants' conduct was retaliatory, his general claim that he filed a lot of grievances is not sufficient to show that his grievances were what motivated defendants to take adverse action against him. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal).

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

      3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FUTHER RECOMMENDED that this action be dismissed without prejudice as duplicative Hampton v. Alkire, No. 2:22-cv-1418 DJC DMC (E.D. Cal.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 8, 2024

                                                    ALLISON CLAIRE
                                                   UNITED STATES MAGISTRATE JUDGE